Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DIANA MARTÍNEZ RODRÍGUEZ<br><br>Recurrida<br><br>V.<br><br>BELLA VISTA HOSPITAL, INC.<br><br>Peticionario | KLCE202400451 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez-Aguadilla<br><br>Caso Núm.: MZ2024CV00242<br><br>Sobre: Despido Injustificado, Procedimiento Sumario |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2024.

-I-

Comparece ante nos Bella Vista Hospital, Inc. (BVH o peticionario) y nos solicita revisar una resolución interlocutoria emitida y notificada el 9 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[1] En el referido dictamen, el TPI declaró No Ha Lugar a la solicitud de desestimación por falta de jurisdicción sobre la materia presentada por BVH en una querella laboral instada por la señora Diana Martínez Rodríguez (señora Martínez Rodríguez o recurrida) en su contra.

Luego de considerar los planteamientos esbozados por ambas partes, resolvemos denegar la expedición del auto de *certiorari*. Veamos el trasfondo fáctico y procesal atinente a este recurso.

-II-

La controversia ante nuestra consideración tiene su origen el 12 de febrero de 2024 cuando la señora Martínez Rodríguez presentó

---

[1] Apéndice de *Certiorari*, Anejo XIX, pág. 162.

una *Querella* contra BVH y otras entidades por despido injustificado (constructivo),[2] acoso laboral,[3] represalias[4] y discrimen por edad,[5] al amparo del procedimiento sumario previsto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la *Ley de procedimiento sumario de reclamaciones laborales*, 32 LPRA sec. 3118 *et seq.* (*Ley de procedimiento sumario de reclamaciones laborales*).[6] En esencia, la recurrida adujo que el 1 de octubre de 2007, comenzó a trabajar para el Departamento de Radiología de BVH como empleada no exenta, sin tiempo determinado y con contrato de empleo, inicialmente como Técnica de CT Scan y posteriormente en las modalidades de mamografías y MRI. Alegó que nunca recibió quejas por su desempeño en BVH. No obstante, arguyó que el 18 de septiembre de 2023, tuvo que renunciar a su empleo por ambiente hostil, acoso laboral, represalias y discrimen por edad por parte de BVH, sus empleados, agentes y/o contratistas. Por ello, la señora Martínez Rodríguez peticionó que el Foro Primario ordenara un embargo preventivo al amparo de la Ley Núm. 107 de 21 de junio de 1968, 32 LPRA sec. 3133 *et seq.*, y condenara a BVH al pago de la reposición por represalias y acoso laboral, mesada por despido injustificado y reposición por discrimen por edad, entre otras sumas.

El 16 de marzo de 2024, la señora Martínez Rodríguez presentó una *Moción en solicitud de anotación de rebeldía y que se dicte sentencia por las alegaciones*.[7] En esta, esgrimió que, a partir del 5 de marzo de 2024, cuando se diligenció el emplazamiento,[8] el peticionario conoció sobre la radicación de la querella y el término de

---

[2] Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley sobre despidos injustificados*, 29 LPRA sec. 185a *et seq.*

[3] Ley Núm. 90-2020, conocida como *Ley para prohibir y prevenir el acoso laboral en Puerto Rico*, 29 LPRA sec. 3111 *et seq.*

[4] Ley Núm. 115-1991, según enmendada, conocida como *Ley contra el despido injusto o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194 *et seq.*

[5] Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el discrimen en el empleo*, 29 LPRA sec. 146 *et seq.*

[6] Apéndice de *Certiorari*, Anejo I, págs. 1-21.

[7] *Íd.*, Anejo II, págs. 22-24.

[8] Apéndice del *Alegato en oposición a solicitud de certiorari*, Anejo II, págs. 3-6.

diez (10) días, vencedero al 15 de marzo de 2024, para presentar su contestación, por lo que al no realizarlo ni solicitar prórroga, el TPI debía anotar la rebeldía y dictar sentencia por las alegaciones.

El 18 de marzo de 2024, el peticionario solicitó la conversión del procedimiento sumario dispuesto en la *Ley de procedimiento sumario de reclamaciones laborales*, *supra*, a la vía ordinaria, debido a que entendía que las reclamaciones de la recurrida eran complejas.[9]

El 20 de marzo de 2024, BVH peticionó que, en la eventualidad de que no procediera la conversión al procedimiento ordinario, el TPI le concediera una prórroga para contestar la *Querella*.[10] El 25 de marzo de 2024, el peticionario radicó su contestación a la *Querella*.[11]

Posteriormente, el 28 de marzo de 2024, BVH presentó una *Moción de desestimación por falta de jurisdicción sobre la materia*.[12] El peticionario planteó que procedía desestimarse la *Querella* por falta de jurisdicción sobre la materia, puesto que la señora Martínez Rodríguez alegó que previamente incoó y desistió una *Demanda de injunction*, bajo el caso MX2023CV01318, por un presunto incidente en violación al *Consolidated Omnibus Budget Reconciliation Act* (Ley COBRA). BVH fundamentó que el foro federal ocupó el campo y posee jurisdicción exclusiva al aludir sobre las incidencias de la *Demanda*.

En oposición a la solicitud de desestimación, la recurrida adujo que BHV intentó inducir a error al TPI, debido a que en la *Querella* no solicitó remedio alguno por virtud de la Ley COBRA.[13] La señora Martínez Rodríguez sostuvo que en la *Querella* mencionó las incidencias de la *Demanda de injunction*, dado que presuntamente el peticionario tomó represalias en su contra al radicarla.

---

[9] Apéndice de *Certiorari*, Anejo III, págs. 25-30.
[10] *Íd.*, Anejo V, págs. 39-43.
[11] *Íd.*, Anejo VII, págs. 51-91.
[12] *Íd.*, Anejo IX, págs. 100-104.
[13] *Íd.*, Anejo X, págs. 105-112.

El 1 de abril de 2024, BVH presentó una *Réplica a oposición a moción de desestimación por falta de jurisdicción sobre la materia.*[14] En esta, el peticionario reiteró que procedía la desestimación de la *Querella* por la alegada falta de jurisdicción.

Tras varios trámites procesales, el 9 de abril de 2024, el TPI emitió varias resoluciones interlocutorias para resolver varios asuntos planteados por el peticionario y la recurrida. Primero, anotó la rebeldía a BVH.[15] Segundo, declaró No Ha Lugar a la *Moción solicitando prórroga para contestar la querella* presentada el 20 de marzo de 2024 por BVH, debido a que debía realizarse dentro del término dispuesto en la *Ley de procedimiento sumario de reclamaciones laborales, supra.*[16] Tercero, determinó que se tuvo por no puesta la *Contestación a la querella* presentada el 25 de marzo de 2024 por el peticionario.[17] Por último, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la solicitud de desestimación de BVH por falta de jurisdicción sobre la materia.[18]

Inconforme con la determinación del TPI en declarar no ha lugar su solicitud de desestimación, el 19 de abril de 2024, BVH compareció ante nos mediante el presente recurso de *certiorari* y nos planteó que el TPI incidió en cometer el siguiente error:

> ERRÓ EL [TPI] AL DICTAR RESOLUCIÓN INTERLOCUTORIA EL 9 DE ABRIL DE 2024, DENEGANDO LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE AQUÍ QUERELLADA-PETICIONARIA.

En esencia, el peticionario sostuvo que procede desestimar la *Querella* por falta de jurisdicción sobre la materia, puesto que el TPI estaba impedido de pasar juicio sobre la alegación relacionada a una posible violación a la Ley COBRA.

---

14 *Íd.*, Anejo XIII, págs. 135-147.
15 *Íd.*, Anejo XV, pág. 158. Archivada y notificada en autos el 9 de abril de 2024.
16 *Íd.*, Anejo XVI, pág. 159. Archivada y notificada en autos el 9 de abril de 2024.
17 *Íd.*, Anejo XVIII, pág. 161. Archivada y notificada en autos el 9 de abril de 2024.
18 *Íd.*, Anejo XIX, pág. 162. Archivada y notificada en autos el 9 de abril de 2024.

Por su parte, el 25 de abril de 2024, la señora Martínez Rodríguez presentó su oposición a la excepción del auto de *certiorari*. En síntesis, alegó que BVH intentó inducir a error al TPI, puesto que la mención a la Ley COBRA responde a una relación de hechos que provocaron que se radicara un pleito desistido por acuerdo entre las partes. La recurrida planteó que en el caso de marras no existe una reclamación sobre la Ley COBRA, puesto que la controversia sobre dicho particular ya se resolvió.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra*. Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

-B-

La *Ley de procedimiento sumario de reclamaciones laborales, supra,* establece un trámite especial para las reclamaciones de las personas obreras y empleadas contra sus patronos. *León Torres v. Rivera Lebrón,* 204 DPR 20, 30 (2020); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 265 (2018). Dicho trámite especial se particulariza por la celeridad en la que deben encausarse los procesos judiciales. *León Torres v. Rivera Lebrón, supra*, pág. 31. A saber, el carácter sumario que provee la aludida ley constituye la característica esencial, por lo que los tribunales no deben desvirtuarlo. *Ruiz Camilo v. Trafon Group, Inc., supra.* El objetivo del carácter sumario de esta ley especial es "lograr la rápida consideración y adjudicación de las reclamaciones laborales, implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido de medios económicos para su subsistencia

mientras consigue un nuevo empleo". *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 739 (2016).

En aras de preservar su carácter sumario, las resoluciones interlocutorias emitidas en una reclamación al amparo de la *Ley de procedimiento sumario de reclamaciones laborales, supra,* no son, de ordinario, revisables. *Íd.*, pág. 740; *Ortiz v. Holsum,* 190 DPR 511, (2014); *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999). A modo de excepción, mediante *certiorari,* los foros apelativos podrán revisar discrecionalmente las resoluciones interlocutorias en una reclamación laboral sumaria cuando el tribunal de instancia carezca de jurisdicción; la revisión inmediata dispone del caso por completo, y la revisión tiene el efecto de evitar una grave injusticia. *Íd.*

-IV-

En el presente caso, BVH acudió ante nos para que revoquemos una *Resolución* que emitió el TPI declarando No Ha Lugar su solicitud de desestimar la querella laboral instada por la señora Martínez Rodríguez al amparo de *Ley de procedimiento sumario de reclamaciones laborales, supra.*

Tras un estudio sosegado del expediente ante nuestra consideración, concluimos que procede abstenernos de ejercer nuestra facultad revisora. No procede apartarnos de la norma general de autolimitación, puesto que el peticionario nos solicitó revisar una resolución interlocutoria que no es revisable, a tenor con el procedimiento sumario dispuesto en la *Ley de procedimiento sumario de reclamaciones laborales, supra.* Además, atisbamos que en este caso no se encuentran presentes ninguna de las circunstancias que, como excepción, nos permitan revisar discrecionalmente la resolución recurrida. Al aludirse la Ley COBRA como una mera incidencia ocurrida en un pleito distinto y separado al que nos concierne, y no invocarse remedio alguno al amparo de la referida

Ley, resulta evidente que la *Resolución* se dictó con jurisdicción. A lo anterior añadimos que en esta etapa de los procedimientos no entrevemos que la revisión inmediata disponga del caso, y mucho menos tenga el efecto de evitar una grave injusticia. Concluimos que en esta etapa, el TPI ejerció prudentemente su discreción al denegar la desestimación del pleito.

Por otro lado, la determinación recurrida no es claramente errónea ni genera un fracaso a la justicia que justifique nuestra intervención, conforme con lo establecido en la Regla 40 de nuestro Tribunal, *supra*, R. 40.

-V-

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones